[Civ. No. 12797. Second Appellate District, Division One.— March 18, 1941.]

JOHN FESLER, Respondent, v. GEORGE RAWLINS et al., Appellants.

542

M. R. Van Wormer for Appellants.

Fred A. Shaeffer for Respondent.

WHITE, J.—The plaintiff and respondent herein, being the holder of a judgment against Pima Drilling Company and Frederick Libby, caused a writ of execution to be issued and a levy to be made upon an oil well derrick and drilling equipment located at a well being operated by the judgment debtors in Santa Barbara County. Following such levy, and on April 27, 1938, the property was duly sold at an execution sale to the plaintiff, the highest bidder. At such sale counsel for appellants appeared and informed plaintiff's counsel that title to said property was claimed by appellants, but no third party claim was filed in their behalf. Upon receiving the constable's certificate of sale, plaintiff commenced the present action, pursuant to section 738 of the Code of Civil Procedure, to quiet his title to the property against the claims of defendants and appellants herein, who appeared and by their answer admitted that they claimed some interest in the property adverse to plaintiff and denied that plaintiff had any title thereto. After trial before the court without a jury, judgment was rendered for the plaintiff, from which judgment defendants prosecute this appeal.

Evidence was adduced by plaintiff at the trial that most of the property involved had been sold under a conditional sales contract dated March 1, 1938, between one Wilson as seller and "Pima Drilling Company, by Frederick Libby" (the judgment debtors), as buyer, and several invoices dated from

December, 1937, to April, 1938, indicating the sale of other oil well equipment of Pima Drilling Company, were introduced in evidence. It was further shown that other of the equipment had been sold to Pima Drilling Company by the Gilmore Oil Company, and a contract of purchase in the form of a letter was introduced in evidence. This contract was executed by "Pima Drilling Company, by Frederick Libby, by E. Taylor, Frederick Libby and R. B. Rawlins", and affixed thereto was the corporate seal of Pima Drilling Company. The plaintiff thereupon rested.

The defense relied upon by appellants at the trial was that the judgment debtor Libby was their agent, operating the well on their behalf, and that the property involved was purchased by him as their agent with funds furnished by them. ■ The alleged errors upon which appellants rely for reversal relate to the rejection of evidence offered by them in connection with this defense. Their first assignment of error is that the court "refused to hear evidence tending to prove that the defendants were in possession"; that "evidence of the possession and use of personal property is relevant evidence of the ownership thereof". In connection with this assignment of error, appellants point to the action of the trial court in sustaining objections to the proffered testimony of the witness Mrs. Dollie Adams, who, after testifying that she commenced to operate the well in question during the summer of 1938 and that in connection therewith she dealt with defendants Mead, Rawlins, Cusick and O'Neill, whom she met in Arizona, was prevented by objection from testifying that after such negotiations in Arizona she commenced the operation of the well. In sustaining objection to this line of testimony the trial court was correct, because the operation of the well did not tend to establish ownership of the personal property here in question. ■ Objections to further interrogatories propounded to the witness as to whether the defendants whom she met in Arizona operated their business under a fictitious name were properly sustained. These questions clearly called for a conclusion on the part of the witness. ■ Neither was the testimony sought to be elicited from the witness L. T. Thompson as to whether he owned an overriding royalty in the production of the well competent or relevant to prove ownership of the property involved in this litigation. ■ Equally inadmissible was the evidence by

which appellants sought to establish the fact that in conversations with the witness Thompson, Frederick Libby, one of the judgment debtors in the original judgment obtained by plaintiff herein, had stated that in the purchase of the personal property he, Libby, was acting merely as an agent for other persons. It is axiomatic that agency cannot be established by the declarations of the agent not under oath or in the presence of the principal. As stated in 1 California Jurisprudence, 698, "if the rule were otherwise any rogue could use the name of an honest man to facilitate his roguery".

■ Finally, appellants assert that the court committed prejudicial error in not permitting E. T. Cusick, one of the defendants, to testify to his ownership of the personal property. In this connection, as we read the record, we find that the court did permit this witness to testify that he was the owner of a 5½ per cent interest in both the well and in "the personal property situate at the well and described in the complaint in this case". True, a motion was made to strike this testimony from the record, and a ruling thereon was reserved by the trial court. However, nowhere does it appear that such motion to strike was granted. It requires no citation of authority for the statement that the court was correct in its rulings by which this witness was precluded from giving his opinion or conclusion as to who owned the remaining interests in the personal property. ■ Furthermore the witness Dollie Adams was permitted to and did testify that Frederick Libby never claimed any ownership in the personal property, and also that Libby had stated to such witness that "Ben O'Neill, Mr. Cusick, Gregory Rawlins, with Mr. Verch (defendant Burch) and two other men, had put up all the money to do the work. That he (Libby) operated the Pima Drilling Company only as a drilling concern and did the superintending of the work for those men. Mr. J. B. Mead acted as trustee and disbursed all the money. The money was sent to Mr. Libby, with which he paid the bills as he incurred them around Santa Maria for supplies".

There being present in the record substantial evidence showing that the personal property sold by the constable was owned by Pima Drilling Company and Frederick Libby, and finding no prejudicial error in the rulings of the trial court, the judgment appealed from must be affirmed. It is so ordered.

York, P. J., and Doran, J., concurred.